**TESSER & COHEN**
946 Main Street
Hackensack, New Jersey 07601
(201) 343-1100
Danielle Cohen
dcohen@tessercohen.com

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| A.M.E. INC., | : |
| PLAINTIFF, | : |
| VS. | : CIVIL ACTION NO.: |
| JIMMY BRANNA, ELITE CONSULTING LLC, AND JOHN KEMPF, | : **COMPLAINT** |
| DEFENDANTS. | : |

Plaintiff, A.M.E., Inc., by and through its attorneys, Tesser & Cohen, hereby files this Complaint against Defendants, Jimmy Branna, Elite Consulting, LLC and John Kempf, alleges as follows:

### PARTIES

1. Plaintiff, A.M.E., Inc. ("AME" or "Plaintiff") was and remains a corporation duly organized and existing pursuant to the laws of the State of New Jersey with its principal place of business located at 1275 Bloomfield Avenue, Building 2, Suite 17B, Fairfield, New Jersey 07004.

1

2. Upon information and belief, Defendant Jimmy Branna ("Branna") is an adult individual residing at 410 E 6th Street, Apt 15I, New York, New York 10009.

3. Upon information and belief, Defendant Elite Consulting, LLC was and remains a company duly organized and existing pursuant to the laws of the State of New York with its principal place of business is located at 53-56 64th Street, Maspeth, New York 11378.

4. Upon information and belief, Defendant John Kempf ("Kempf") is an adult individual residing at 657 Oakland Avenue, Apt X, Staten Island, New York 10310. Upon information and belief, Mr. Kempf is and was a licensed electrician with the New York City Department of Buildings.

## JURISDICTION

5. The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000 and by virtue of diversity of citizenship of Plaintiff and Defendants, this Court has jurisdiction over this action under the provisions of 28 U.S.C. §1332.

6. Venue of the following claims is laid in this District pursuant to 28 U.S.C. §1391(a) as a substantial part of the events giving rise to the claims occurred in this judicial district.

## BACKGROUND FACTS

7. AME entered into a contract with Volt Electric NYC Corp. ("Volt") wherein Volt was to perform certain work and services related to a project located at 3080 Broadway, New York, New York (the "Project").

8. Branna is the President of Volt.

9. During the course of the Project, payment requisitions were submitted by Volt representing the percentage of work completed by Volt.

10. The payment requisitions were executed and certified by Branna.

11. The percentages of completion listed in the payment applications were inaccurate and misrepresented the percentage of work completed and the value of work performed.

12. The payment requisitions executed and certified by Branna were utilized by AME in preparing its payment applications submitted to its client and relied upon by AME in seeking payment on the Project.

13. Volt retained Elite to perform project management services on the Project.

14. Elite was retained without the knowledge or consent of AME.

15. Elite failed to properly perform project management services on the Project.

16. The Project was poorly managed by Elite resulting in delays and issues with Volt performing its work properly, among other issues.

17. Kempf was and is a licensed electrician and employee of Volt.

18. Upon information and belief, part of Kempf's responsibilities was to inspect and review the work performed by Volt's employees on the Project.

19. The work performed by Volt was substandard, incomplete and does not comply with industry standards.

20. Upon information and belief, despite the issues with Volt's work, Kempf did not attempt to have Volt employees correct or complete any work.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Common Law Fraud as to Jimmy Branna)

21. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth at length herein.

22. Branna submitted executed and certified payment requisitions to AME during the course of the Project. The payment applications listed a percentage of work completed.

23. Branna knowingly made misrepresentations to AME.

24. Branna's material misrepresentations included, but are not limited to:

   a. Volt's qualifications and ability to perform work on the Project;

   b. Volt's percentage of completion of work.

25. Branna knew that AME would rely upon the representations for purposes of preparing payment applications to submit to AME's client and providing project status updates, among other purposes.

26. Upon information and belief, the misrepresentations were made to induce AME to make payment to Volt for work not yet performed.

27. In reliance upon Branna's material misrepresentations, AME submitted information to its client and requested payment based upon the percentage of completion represented by Branna.

28. AME has been damaged as a direct and proximate result of Branna's material misrepresentations.

**WHEREFORE**, Plaintiff, A.M.E., Inc., demands judgment against Defendant, Jimmy Branna, for compensatory and consequential damages, statutory damages, interest, disbursements and costs of suit, counsel fees and such other relief as this court deems just and appropriate.

### AS AND FOR A SECOND CAUSE OF ACTION
**(Negligence as to Elite Consulting LLC)**

29. Plaintiff repeats and reasserts the allegations of the previous paragraphs as if set forth at length herein.

30. Elite owed a duty to AME to perform its work and services in a professional manner and according to standard practices.

31. Elite breached its duty to the AME when it failed to perform its work and services in a professional manner and in accordance with industry standards.

32. Because Elite failed to follow generally accepted standards relative to the project management of similar construction projects, AME has suffered significant damages.

**WHEREFORE**, Plaintiff, A.M.E., Inc., demands judgment against Defendant, Elite Consulting, LLC, for compensatory and consequential damages, statutory damages, interest, disbursements and costs of suit, counsel fees and such other relief as this court deems just and appropriate.

### AS AND FOR A THIRD CAUSE OF ACTION
**(Negligence as to John Kempf)**

33. Plaintiff repeats and reasserts the allegations of the previous paragraphs as if set forth at length herein.

34. Kempf owed a duty to AME to perform his work in a professional manner and according to standard practices.

35. Kempf breached its duty to the AME when it performed his work and inspections of Volt's work in a defective, unworkmanlike and incomplete manner.

36. Because Kempf failed to follow generally accepted standards relative to the inspection of the electrical work performed by Volt on the Project, AME has suffered significant damages.

**WHEREFORE**, Plaintiff, A.M.E., Inc., demands judgment against Defendant, John Kempf, for compensatory and consequential damages,

statutory damages, interest, disbursements and costs of suit, counsel fees and such other relief as this court deems just and appropriate.

Dated: March 22, 2021

By: _____
Danielle Cohen, Esq.
Tesser & Cohen
Attorneys for Plaintiff,
A.M.E., Inc.